THE GREAT ATLANTIC & PACIFIC TEA COMPANY v. UNITED STATES

No. 8075.—

Entry No. 704514.

(Decided January 14, 1952)

*Eugene R. Pickrell* for the plaintiff.
*Charles J. Wagner*, Acting Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the parties hereto:

1. That the instant appeal for reappraisement covers Cellulose Film in Rolls;

2. That the said merchandise was exported from France on June 27, 1951;

3. That on or about the date of exportation of the instant merchandise, such or similar merchandise was freely offered for sale to all purchasers in the principal markets of France in the usual wholesale quantities, and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature, and all other costs, charges and expenses incident to placing the merchandise in condition, packed, ready for shipment to the United States at U. S. $0.517 per pound, less frais expedition and transport (freight and forwarding charges) and less visa consulaire (consular fee); as invoiced;

4. That on or about the date of exportation of the instant merchandise, such or similar merchandise was not freely offered for sale for home consumption in France at a price higher than U. S. $0.517, less frais expedition and transport (freight and forwarding charges) and less visa consulaire (consular fee); as invoiced; and

5. That the instant appeal for reappraisement be submitted on this stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such value was United States $0.517 per pound, less frais expedition and transport (freight and forwarding charges) and less visa consulaire (consular fee); as invoiced.

Judgment will be rendered accordingly.